UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| **LUIS FLORES, on behalf of himself and all similarly situated individuals**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STANAN MANAGEMENT CORP.,**<br><br>**Defendant.** | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendant STANAN MANAGEMENT CORP., (hereinafter, "Stanan"), alleges as follows:

I.   PRELIMINARY STATEMENT

1. Plaintiff Luis Flores ("Flores") a New York State resident over the age of 18 years, brings this action against Defendant Stanan Management, Corp. a corporation. This action alleges that Stanan violated both the Fair Credit Reporting Act, by using an illegally and improperly obtained consumer report as to certain non-criminal conviction information about Flores in the context of Flores' employment application with Stanan. As a direct result of receiving the Sutton Associates, LLC ("Sutton") deceptive and misleading consumer report, Stanan refused to hire Flores for the job for which he had applied for based on its false perception that he had a criminal record. Stanan thus violated Flores' rights under the Fair Credit Reporting Act. Flores seeks injunctive relief, actual, statutory and punitive damages, and an award of attorneys' fees and costs.

2. Plaintiff brings this action on all causes of action on behalf of himself and the members of a class pursuant to Federal Rule of Civil Procedure 23.

## II.     JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 15 USC § 681(p) and 28 U.S.C. § 1331 because Flores brings claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., a federal law. This Court also has jurisdiction pursuant to 15 U.S.C. § 1332, because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. In addition, this Court has supplemental jurisdiction over Flores' state law claims pursuant to 28 U.S.C. § 1367(a).

4. This Court has authority pursuant to 15 U.S.C. § 1681(p) to grant the monetary, injunctive and other relief Flores seeks in this action.

5. The Plaintiff is a natural person and resident of Suffolk County, New York.

6. Venue is proper in this Court, and in this District, pursuant to 28 U.S.C. § 1391(b) and 1391(c) because Defendant is licensed to do business in this State, and because a substantial portion of the actions complained of occurred or had an effect in this State.

## III.    ALLEGATIONS AS TO PARTIES

7. Plaintiff Luis Flores is an adult individual residing in Suffolk County, State of New York.

8. At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by section 1681(c) of the FCRA.

9. Upon information and belief, STANAN MANAGEMENT CORP. is a corporation formed under the laws of the State of New York and authorized to do business in the State of New

York through its corporate offices at 33 Front Street, Hempstead, NY 11550 and its registered agent CT Corporation at 111 Eighth Avenue, New York, New York 10011.

10. Upon information and belief, Stanan is a "person" as defined by 15 U.S.C § 1681(b).

11. Upon information and belief, Stanan is a user of Plaintiff's consumer report for "employment purposes" as defined by 15 U.S.C § 1681(h).

12. Upon information and belief, Stanan is regularly engaged in the business of using consumer reports in determining a person's employment eligibility as defined in 15 U.S.C § 1681(d)(B).

## IV.   APPLICABLE LAWS

13. The Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., governs the content, issuance and use of consumer reports prepared for a variety of purposes, including employment purposes.

14. The FCRA's defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

15. The FCRA defines "consumer report," in pertinent part, as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes . . . ." 15 U.S.C. §1681a(d).

16. The Defendant Stanan is a legal person and user of consumer reports and is subject to the requirements of the FCRA.

17. Pursuant to section 1681b(b)(3)(A) of the Fair Credit Reporting Act (FCRA), an employer who intends to take adverse action based on information in a consumer report must provide the applicant with notice of that fact before taking adverse action, and must include with the notice a copy of the background report and summary of the applicant's rights under the FCRA. This requirement provides applicants with an opportunity to dispute or address the information contained in the report.

## V.   PRACTICES OF THE DEFENDANT

18. At all times pertinent hereto, Defendant was at all times relevant hereto, it was a "user" of the consumer report of Plaintiff.

19. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

20. Before obtaining a consumer report, employers who use CRAs are required to comply with the FCRA's "disclosure and authorization" requirements. Specifically, an employer must (1) give the applicant or employee a clear and conspicuous written disclosure notifying him or her that a consumer report may be obtained by the employer; and (2) obtain the applicant's or employee's prior written consent to the employer's procurement of the consumer report.

21. Moreover, when an employer intends to take an adverse employment action based in whole or in part on a consumer report, it is further required by the FCRA to comply with a two-part notification process. First, prior to any adverse employment action being taken, the employer must provide the applicant or employee with a "pre-adverse action notice" indicating that the employer intends to take an adverse action based on the contents of that

person's consumer report, and also provide a copy of the report and a summary of the consumer's rights under the FCRA.

22. Secondly, after adverse action is taken, the employer must provide a separate "adverse action notice" indicating that such action was taken, and providing certain other information relating to the CRA who provided the report and the person's FCRA rights.

23. Plaintiff applied to work with the Defendant and upon information and belief, Defendant failed to comply with the FCRA as described herein in ¶¶24-29.

24. Moreover and in violation of 15 U.S.C. § 1681b, Defendant failed to a provide clear and visible written disclosure to the consumer before the report is procured or caused to be procured, that a consumer report may be obtained for employment purposes.

25. Further in violation of 15 U.S.C. § 1681b, Defendant failed to obtained written authorization from the consumer to obtain the report by the consumer.

26. Further in violation of 15 U.S.C. § 1681b, Defendant failed to provide a copy of the consumer report used to make an employment decision to Plaintiff before taking an adverse action that was based in whole or in part on that report.

27. Further in violation of 15 U.S.C. § 1681b , Defendant failed to provide Plaintiff with the written summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

28. Further in violation of 15 U.S.C. § 1681b, Defendant failed to a provide clear and visible written disclosure to the consumer before the report is procured or caused to be procured, that a consumer report may be obtained for employment purposes.

29. By depriving consumers of these statutorily-mandated rights, Defendant seeks to save printing costs associated with making the FCRA-mandated disclosures available to

consumers, and, more importantly, the administrative and compliance costs that are associated with correcting errors on consumer reports.

30. Defendant's practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumer employment-applicants and interstate commerce. When consumers such as Plaintiff, who have no criminal history, have been reported as having criminal records they are viewed as less desirable employee prospects and more likely not to be approved for employment by employers who pay Defendant for such reports.

31. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being properly reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the reporting of outdated adverse information, it is too late to correct the contents of the report because it has already been sold to the employer by the Defendant and has formed the basis of a decision whether to provide employment to the applicant.

## VI. FACTUAL ALLEGATIONS

32. Sometime prior to calendar year 2002, unbeknownst to Plaintiff, his identity was stolen by an unknown person who happened to be a convicted felon and who amassed an extensive criminal record after stealing Plaintiff's identity.

33. During his many arrests, said unknown person would not be in possession of identification and when he was asked to identify himself to the law enforcement authorities, he would identify his name as the Plaintiff, Luis Flores.

34. In calendar year 2002, Plaintiff learned of this unknown person's activities and then set about to remove the blemishes from his name and eventually clearing his name of any wrongdoing.

35. Upon discovering that his identity was stolen, Plaintiff immediately reported it to the authorities, more specifically NYPD.

36. On or about October 23, 2002, Plaintiff went before a Judge to help clear his name. The Judge determined that Plaintiff and the criminal who stole Plaintiff's identity were two different people. The Judge came to that determination as the criminal was currently imprisoned while Plaintiff was standing before the Judge.

37. The Judge eventually cleared Plaintiff of all wrongdoing and recommended that he get his fingerprints in the law enforcement databases and obtain a Certificate of Good Conduct.

38. Plaintiff followed the Judge's instructions and got his fingerprints taken, which revealed that he had a clean record, no criminal activity or convictions.

39. Plaintiff does not have a criminal history of any kind, as evidenced by the Plaintiff's Good Conduct Certificate and evidence of No Record he received from the New York State Division of Criminal Justice Services.

40. In or around March 2017, Plaintiff applied for applied for a position with Stanan Management Corporation ("Stanan").

41. In connection with Plaintiff's application for employment, Defendant ordered a background consumer report from Sutton Associates, LLC ("Sutton"). Defendant had no knowledge of this, as he never gave written authorization to Stanan and he was never notified that a background consumer report was going to be ordered on him.

42. Sutton assembled, prepared and sold to Stanan a background check consumer report on Plaintiff sometime thereafter.

43. On or about March 10, 2017, in a telephone conversation with the Building Manager at Stanan who goes by the name of Ernest, Plaintiff was notified that Stanan was not going to hire him because Stanan was in receipt of Sutton's report which claimed that Plaintiff had a criminal record. After contesting Plaintiff's nonexistent criminal record with Stanan, Plaintiff was told to send his Good Conduct Certificate and evidence of No Record, which will then be forwarded to Sutton. This was the last that Plaintiff ever heard from Stanan.

44. Defendant failed to provide Plaintiff with a copy of its report and a description in writing of Plaintiff's rights under the Fair Credit Reporting Act.

45. Because of Stanan's actions and omissions as described herein Flores had no opportunity to challenge Stanan's assertions about his supposed criminal record.

46. Plaintiff was denied the employment opportunity from Stanan due to Defendant's false "criminal records match."

47. Defendant decided not to hire Plaintiff based on the criminal background check without providing Flores with any advance notice that they were going to take that adverse action, without providing him with a copy of the criminal background report, and without providing him with a written summary of her rights under the FCRA.

48. Upon information and belief, Defendant failed to properly and thoroughly conduct a proper investigation.

49. Upon information and belief, it is Defendants' standard hiring practice to rely on criminal background checks, and when the results are unsatisfactory, to fire or refuse to hire people without providing them a pre-adverse action notice in writing before taking the adverse action, without providing them with a copy of their criminal background check before

taking the adverse action, and without providing them with a written summary of their rights under the FCRA before taking the adverse action.

50. Sutton's report inaccurately indicated that Flores had a record of criminal convictions, and misled Stanan into concluding that he had lied on his employment application and that Flores could not challenge such finding.

51. Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for employment who had inaccurate adverse information that was deliberately, knowingly and recklessly used to determine their eligibility for employment.

52. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

53. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

54. As a result of Defendant's actions and inactions, Flores suffered direct and proximate emotional and financial harm. This harm included but was not limited to extreme mental anguish and emotional distress, humiliation, and damage to Flores' reputation as a person without a criminal record, and monetary loss including, but not limited to, a sum equal to the difference between the wages, benefits and perquisites Flores would have earned with Stanan ("total Stanan compensation") and the wages, benefits and perquisites he would have earned had Stanan refused employment.

## VII.   CLASS ALLEGATIONS

55. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an adverse employment decision regarding such employee or prospective employee within the period prescribed by FCRA, 15 U.S.C. §1681p, prior to the filing of this action and for whom Defendants did fail to provide that applicant a copy of their consumer report at least five business days before it took such adverse action. Excluded from the Class are employees, agents, servants and all persons acting in concert with Defendant, all counsel in this case and any judge assigned to hear this action.

56. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class is so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

57. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

(A) Whether Defendant failed to obtain written authorization from the consumer to obtain the consumer report;

(B) Whether Defendant failed to a provide clear and visible written disclosure to consumers before their consumer reports are procured or caused to be procured, that consumer reports may be obtained for employment purposes;

(C) Whether Defendant failed to provide each employee/applicant a copy of their consumer report before it took an adverse action based upon the consumer report;

(D) Whether Defendant failed to provide each employee/applicant a copy of their written notice of FCRA rights before it took an adverse action based upon the consumer report;

(E) Whether Defendant knowingly and intentionally committed an act in conscious disregard of the rights of the consumer;

(F) Whether Defendants' conduct constituted violations of various provisions of the FCRA.

58. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same cause of action as the other members of the Class.

59. **Adequacy. FED. R. CIV. P. 23(a)(4)**. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

60. **Superiority. FED. R. CIV. P. 23(b)(3)**. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a

potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

61. **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2)**. Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## VIII.   CLAIMS FOR RELIEF AGAINST STANAN
## COUNT I

62. The Plaintiff realleges and incorporates the foregoing as if fully set out herein.

63. By ordering a background check consumer report on Flores, Defendant failed to a provide clear and visible written disclosure to Flores before the report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in violation of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681b(2)(A)(i).

64. As a result of Sutton's conduct and inactions, Flores suffered damages.

65. Stanan's conduct and actions were willful, rendering Stanan liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

66. Alternatively, Stanan's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

67. Flores is entitled to recover costs and attorneys' fees from Stanan in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

68. This Court has the equitable power to enjoin Stanan from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## **COUNT II**

69. The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

70. By ordering a background check consumer report on Flores, Defendant failed to obtain written authorization from the consumer to obtain the report by the consumer, in violation of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681b(2)(A)(ii).

71. As a result of Sutton's conduct and inactions, Flores suffered damages.

72. Stanan's conduct and actions were willful, rendering Stanan liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

73. Alternatively, Stanan's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

74. Flores is entitled to recover costs and attorneys' fees from Stanan in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

75. This Court has the equitable power to enjoin Stanan from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## **COUNT III**

76. The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

77. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(3)(A)(i), because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff before taking an adverse action that was based in whole or in part on that report.

78. As a result of Sutton's conduct and inactions, Flores suffered damages.

79. Stanan's conduct and actions were willful, rendering Stanan liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

80. Alternatively, Stanan's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

81. Flores is entitled to recover costs and attorneys' fees from Stanan in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

82. This Court has the equitable power to enjoin Stanan from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## **COUNT IV**

83. The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

84. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff with the written summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report. As a result of Sutton's conduct and inactions, Flores suffered damages.

85. Stanan's conduct and actions were willful, rendering Stanan liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

86. Alternatively, Stanan's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

87. Flores is entitled to recover costs and attorneys' fees from Stanan in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

88. This Court has the equitable power to enjoin Stanan from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## PRAYER FOR RELIEF

Plaintiff, Luis Flores prays that this Court:

1. Grant an order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2. Create a common fund available to provide notice of and remedy Defendant's FCRA violations;

3. Declare that Defendant violated the Fair Credit Reporting Act;

4. Enter judgment against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA;

5. Enter judgment against Defendant for pre-judgment and post-judgment interest as provided by law; and

6. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Luis Flores, demands trial by jury.

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Dated: March 14, 2018

*[signature]*

140 Broadway, 46th Floor
New York, New York
Telephone:  (212) 766-3323
Facsimile:  (212)  766-3322
abel@apierrelaw.com
**Attorney for Plaintiff**